[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13412
Non-Argument Calendar
_____

Agency No. A205-245-668


FERNANDO CARDONA-HERNANDEZ, a.k.a. Freddy Lopez Perez,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 27, 2016)

Before MARCUS, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Fernando Cardona-Hernandez, a citizen of Guatemala, seeks review

following entry of a final order of the Board of Immigration Appeals (BIA)

affirming the Immigration Judge's (IJ) denial of asylum under the Immigration and Nationality Act (INA), 8 U.S.C. § 1158(a), withholding of removal under the INA, 8 U.S.C. § 1231(b)(3), and withholding of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT), 8 C.F.R. § 208.16(c).  The BIA assumed Cardona was credible but concluded that he had not established his eligibility for asylum, withholding of removal, or CAT relief.  In this petition, Cardona argues that: (1) the IJ's adverse credibility findings were unlawful and resulted from defective proceedings; and (2) he was deprived of due process during his removal proceedings.  After careful review, we deny the petition in part and dismiss it in part.

First, we are unable to grant relief to Cardona on his claim that the IJ erred in finding him not credible.  We generally have jurisdiction to review final orders of removal.  See Jaggernauth v. U.S. Att'y Gen., 432 F.3d 1346, 1350 (11th Cir. 2005).  However, if "an appellant fails to offer argument on an issue [in a petition for review], that issue is abandoned."  Sepulveda v. U.S. Att'y Gen., 401F.3d 1226, 1228 n.2 (11th Cir. 2005).  In order to obtain a reversal, "an appellant must convince us that every stated ground for the judgment against him is incorrect."  Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014).  If the appellant does not address one of the grounds, he "is deemed to have abandoned

2

any challenge of that ground, and it follows that the judgment is due to be affirmed." Id.

As the record shows, Cardona does not contest in his petition the IJ's alternative finding that, even if he was credible, he failed to establish that he qualified for asylum on the merits.  He also does not challenge the BIA's determination that he had not established that he was eligible for asylum, withholding of removal, or CAT relief.  Thus, Cardona has waived these issues on appeal.  The BIA, however, assumed that he was credible, and nevertheless found that he had not established that he was eligible for asylum.  Because this issue is dispositive and he has waived it, it is unnecessary for us to review whether there was substantial evidence supporting the IJ's finding that Cardona was not credible.  Accordingly, we are compelled to deny Cardona's petition as to his credibility challenge.

As for Cardona's argument that he was deprived of due process during his removal proceedings, we are obliged to dismiss it.  The INA provides that we "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien" as a matter of right.  8 U.S.C. § 1252(d)(1).  The exhaustion requirement is jurisdictional and precludes review of a claim that was not presented to the BIA.  Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1249-50 (11th Cir. 2006).  Further, "[a] petitioner cannot obtain

3

review of procedural errors in the administrative process that were not raised before the [BIA] merely by alleging that every such error violates due process." Sundar v. INS, 328 F.3d 1320, 1325-26 (11th Cir. 2003) (quotation omitted). Thus, we lack jurisdiction to consider procedural due process claims that were not raised before the BIA, because they are subject to the exhaustion requirement of the INA, 8 U.S.C. § 1252(d)(1).  Amaya-Artunduaga, 463 F.3d at 1251.  Amaya-Artunduaga held that allegations of a due process violation that an alien was denied a full and fair hearing before a neutral factfinder was the type of procedural error which required exhaustion. Id.

Here, Cardona's due process arguments are unexhausted.  Cardona did not present the argument he now makes -- that the removal proceedings before the IJ violated his due process rights -- to the BIA.  He argued to the BIA that his attorneys during the proceedings before the IJ were ineffective, and responsible for the inconsistencies in his story.  He did not, however, argue that the IJ should have required that his different attorneys move to withdraw before a new attorney could represent him.  Further, he did not argue to the BIA that the IJ violated his due process rights by holding the proceedings in Spanish (which he acknowledged he spoke fluently), as opposed to in his native language, Mam.  Because he could have raised both of these procedural arguments before the BIA and did not, they are not exhausted, and we lack jurisdiction to hear them.  Moreover, Cardona

4

cannot obtain review of his claimed procedural errors merely by alleging -- for the first time on appeal -- that they violate due process.  Because we lack jurisdiction to hear his due process claims, we dismiss this portion of his petition.[1]

**PETITION DENIED, in part, and DISMISSED, in part.**

---

[1] Regardless, even if we were to interpret Cardona's due process claims as raising the same the "core issue" that the BIA confronted -- that his counsel was ineffective -- he has not shown that he complied with the requirements for bringing such a claim, as laid out in Matter of Lozada, 19 I. & N. Dec. 637, 639 (1988).  In particular, nothing in the record indicates that Cardona: (1) filed an affidavit setting forth the agreement that was entered into with counsel with respect to the actions to be taken and what representations counsel did or did not make to him in this regard; (2) informed his former attorneys of the allegations leveled against them; or (3) filed a complaint with appropriate disciplinary authorities.  See Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1273 & n.6 (11th Cir. 2004) (explaining the Lozada requirements).  Thus, the BIA did not abuse its discretion in dismissing his ineffective assistance claim on the ground that he had failed to follow the necessary procedural requirements for bringing an ineffective assistance claim.